**FANO FAMILY by Fano, Plaintiff**

v.

**FAATILIGA TAPUVAE of Fagaalu, Defendant**

No. 8-1940

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Faatiliga" of Fagaalu]

December 3, 1940

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge.*

 Hearing was had before the High Court on December 3, 1940.

Counsel for Faatiliga: Lima and Faatiliga.
Counsel for Fano family: Fano and Fua.

DECISION

MORROW, *Chief Justice.*

 Three-fourths of the adult members of the Fano family brought this action by Fano, their matai, to have Faatiliga Tapuvae of Fagaalu removed as a matai. The action was brought under Sec. 79, Par. 7, of the Codification of the Regulations and Orders for the Government of American Samoa which reads as follows:

"Whenever three-fourths of all adult persons in a family desire the removal of the matai and they so state their desires to the Attorney General in writing, setting forth their reasons, a notice to that effect, containing all signatures shall be posted for thirty days in the usual manner. A copy of such notice will be furnished to the matai who will be given a hearing on the subject before the High Court of American Samoa. If within a reasonable time no hearing has been requested by the matai, or if on hearing no sufficient reason has been shown to the Court why the matai should not be removed from office, such fact will be certified by the Court to the Attorney General and the Attorney General will remove the name of the matai from the records and the family shall be without a matai until another is selected in the usual manner."

 From the evidence the court has concluded that the Fano family and the Faatiliga family are two entirely different organizations and that Faatiliga, the defendant, is not a lesser matai in the Fano family. From this conclusion it follows that the action is improperly brought.

126

Sec. 79, Par. 7, of the Codification requires that the persons seeking the removal of a matai be members of the family of that matai. The very wording of the statute permits no other interpretation. The statute does not mean that the three-fourths of the adult persons in one family may maintain an action to remove the matai of another family. It does not read "Whenever three-fourths of all adult persons in one family desire the removal of the matai of another family and they so state, etc." The matai referred to in the statute is the matai of the family, three-fourths of all the adult members of which seek the matai's removal. This action must fail because of lack of authority by three-fourths of the adult membership in the Fano family to maintain it. The wording of the petition seeking the removal of Faatiliga begins "We, the undersigned are three-fourths of the Fano family of Fagaalu. . . ."

█ In view of what we have already said it is not necessary to a decision of the case to discuss the merits of the complaints against Faatiliga. Nevertheless, we shall do so. The statute obviously requires that the reasons for the removal of a matai must be substantial and not inconsequential or trifling.

It appeared from the evidence that a pig belonging to Faatiliga's mother had been killed, presumably by some member of the Fano family, and that Faatiliga went to Fano's house in a state of anger and complained about it and said that the pig should be replaced by another pig. There could be nothing wrong with such a statement. The statement of an obviously angry man is not to be taken seriously anyway. It is true that Fano's wife, Fiasili, testified that what Faatiliga said was that a pig should be replaced by a human being. We think she was mistaken in this and that the statement was that as heretofore stated.

It was then sought to be proved that Faatiliga had pulled up the bananas on Lisi's plantation. The evidence by the

Fano family's own witnesses proved not only that Faatiliga did not pull up the bananas but that it was his brother instead. It was sought to show by Fiasili that the brother did it at the command of Faatiliga. However, in response to the question whether such a conclusion was not "just guess work" on the part of the witness, she answered "Correct because he is the matai." A matai cannot be removed from his title and the family deprived of his services merely because a woman suspects that he might have commanded or authorized his brother to pull up some bananas. Charges must be proved and not just suspected.

It was claimed by the Fano family that Faatiliga had assaulted Lisi, a member of the Fano family. There was a quarrel between Lisi and Faatiliga in which fists were used. Whether Faatiliga was the aggressor or Lisi was the court is unable to say from the evidence. Fiasili testified in response to the question "Who started the fight?" that "It was both of them. Lisi walked toward Faatiliga and Faatiliga walked toward Lisi and they came together and the battle started." Then Fiasili was asked the question "Who struck the first blow?" and she answered "I do not know because I was quite a distance away." The burden of proof of the charge was upon the Fano family. That burden has not been sustained with respect to the fight. Faatiliga had a right to defend himself. He had no right of course to be an aggressor, but the evidence does not show that he was.

It is the unanimous conclusion of the court that none of the charges against the defendant was proved by a preponderance of the evidence, also that the action was improperly brought, it being by three-fourths of the adult members of one family to remove the matai of an entirely different family.

The case against Faatiliga is dismissed. Costs in the sum of $25.00 are hereby assessed against Fano, the same to be paid within 60 days.